**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| VY NHU HOANG DINH; MAN VAN CHAU, <br><br> Plaintiffs-Appellees, <br><br> v. <br><br> UNITED STATES OF AMERICA; JEH JOHNSON, Secretary of Department of Homeland Security; LORETTA E. LYNCH, Attorney General; ALEJANDRO MAYORKAS, Director of United States Citizenship and Immigration Services; LEANDER HOLSTON, Officer in Charge of United States Citizenship and Immigration Services in Las Vegas, Nevada, <br><br> Defendants-Appellants. | No.   14-16737 <br><br> D.C. No. 2:12-cv-01795-APG-CWH <br><br> MEMORANDUM* |

Appeal from the United States District Court
for the District of Nevada
Andrew P. Gordon, District Judge, Presiding

Argued and Submitted October 19, 2016
Stanford, California

Before:  CALLAHAN, HURWITZ, and OWENS, Circuit Judges.

---

\*      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

Vy Dinh, a native of Vietnam, entered this country on an F-1 student visa in 2002. In 2006, Dinh filed a petition seeking to adjust her status to legal permanent resident, citing a marriage to Man Van Chau. The United States Citizenship and Immigration Services ("USCIS") found that Dinh had previously sought immigration benefits on the basis of a fraudulent marriage to Joey Duran, and that her current application was therefore subject to the marriage fraud bar in 8 U.S.C. § 1154(c).[1] The Board of Immigration Appeals ("BIA") affirmed, adopting the USCIS decision. Dinh then filed this action in the district court seeking relief under the Administrative Procedure Act, 5 U.S.C. § 702. That court ordered the BIA to decide Dinh's petition without reference to the marriage fraud bar. The government appealed, and we reverse.

1. We review the agency decision from the "same position" as the district court. *Sierra Club v. Babbitt*, 65 F.3d 1502, 1507 (9th Cir. 1995). Under the Administrative Procedure Act, an agency decision may be set aside only if it is "arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law." 5 U.S.C. § 706(2)(A). The court "is not to substitute its judgment for that of

---

[1] Section 1154(c) provides in relevant part that "no petition shall be approved if . . . the alien has previously been accorded, or has sought to be accorded, an immediate relative or preference status as the spouse of a citizen of the United States or the spouse of an alien lawfully admitted for permanent residence, by reason of a marriage determined by the Attorney General to have been entered into for the purpose of evading the immigration laws."

2

the agency." *Motor Vehicle Mfrs. Ass'n of U.S., Inc. v. State Farm Mut. Auto. Ins. Co.*, 463 U.S. 29, 43 (1983). We review the agency's factual finding that a marriage was fraudulent for substantial and probative evidence. *Damon v. Ashcroft*, 360 F.3d 1084, 1088 (9th Cir. 2004). Agency findings must be affirmed under this "'extremely deferential' standard . . . 'unless the evidence presented would *compel* a reasonable finder of fact to reach a contrary result.'" *Monjaraz-Munoz v. INS*, 327 F.3d 892, 895–96 (9th Cir. 2003) (quoting *Singh-Kaur v. INS*, 183 F.3d 1147, 1149–50 (9th Cir. 1999)), *amended by* 339 F.3d 1012 (9th Cir. 2003).

2. "[T]he central question" before the USCIS was whether Dinh and Duran "intended to establish a life together at the time they were married." *Damon*, 360 F.3d at 1088. The agency determination that Dinh's marriage to Duran was fraudulent was supported by substantial and probative evidence. Dinh married Duran only one month after an arranged marriage to Jason Prince and a prompt divorce. Dinh first met Duran on the day of the wedding; the marriage was arranged by a broker; and neither Dinh nor anyone in her family had any prior contact with Duran. Dinh left Utah on the day of the wedding, never returned, and never saw Duran again. Dinh was not mentioned on any of Duran's bank accounts, insurance,

3

or leases; nor was there joint property. There was thus ample probative evidence that Dinh intentionally entered into a sham marriage.[2]

3. Dinh argues that the USCIS erred by rejecting her contention that she was a victim of a fraud by the marriage broker and Duran. But, although the evidence arguably could support such a conclusion, it does not compel it. *See Monjaraz-Munoz*, 327 F.3d at 895.

4. The agency finding that Dinh sought immigration benefits on the basis of the fraudulent marriage was also supported by substantial and probative evidence. On the day of the Duran wedding, Dinh signed I-130 and I-485 forms, seeking permanent resident status. When these forms were filed, Dinh sought to be accorded immigration benefits as a result of her fraudulent marriage to Duran. *In re Kahy*, 19 I. & N. Dec. 803, 806 (B.I.A. 1988) (holding that submission of an I-485 form establishes that the applicant sought immigration benefits).[3]

---

[2] Duran pleaded guilty to aiding and abetting Dinh's attempt to enter or obtain entry to the United States by a willfully false or misleading representation in violation of 8 U.S.C. § 1325(a)(3) and 18 U.S.C. § 2, thus admitting that the marriage was fraudulent. Although Duran's admission does not bind Dinh, it is at least somewhat probative that she had a similar intent.

[3] Dinh claimed that she later told the marriage broker not to file the forms, but the USCIS was not required to accept that contention.

5. Because the agency decision is supported by substantial and probative evidence, we reverse the judgment of the district court and remand with instructions to enter summary judgment for the government.

**REVERSED AND REMANDED.**